**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 9, 2009

Charles R. Fulbruge III
Clerk

No. 09-40237
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JUAN MIRANDA-RUIZ, also known as Moises Peralta-Morales,

Defendant-Appellant

Consolidated with
No. 09-40283

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE TORRES-GUTIERREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-345-2

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Moises Peralta-Morales[1] challenges (1) the sentence imposed following his conviction for illegal reentry into the United States, 8 U.S.C. § 1326, and (2) the sentence imposed following the revocation of a previously imposed term of supervised release, 18 U.S.C. § 3583(e)(3). For the illegal-reentry conviction, Peralta-Morales was sentenced to 85 months of imprisonment and three years of supervised release. Following revocation of his term of supervised release, Peralta-Morales was sentenced to 18 months of imprisonment and 18 months of supervised release; both were ordered to run consecutively to the sentence imposed for the illegal-reentry conviction.

Peralta-Morales argues that the district court committed significant procedural error with respect to both sentences by imposing within-Guidelines sentences without adequate explanation or consideration of the 18 U.S.C. § 3553(a) factors. Peralta-Morales concedes that he did not raise these arguments in the district court with respect to either sentence, but he seeks to preserve for review his contention that appellate review should not be limited to plain error. He also concedes that, under this court's precedent, the appellate presumption of reasonableness is applicable to within-Guidelines sentences based upon U.S. Sentencing Guidelines Manual § 2L1.2, but he seeks to preserve this issue for potential further review.

Because Peralta-Morales did not raise these procedural arguments in the district court with respect to either sentence, we review for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009), *cert.*

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] Although the record contain references to various aliases used by Peralta-Morales, we will refer to him by the name he confirmed at sentencing to be his true name.

*denied*, No. 08-11099, 2009 WL 1849974 (Oct. 5, 2009). To show plain error, Peralta-Morales must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). This court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Peralta-Morales does not explain how either sentence might have differed had the district court provided a more thorough explanation for its sentencing choices. A review of the record shows that the district court's statements were sufficient to address Peralta-Morales's § 3553(a) arguments. *See Mondragon-Santiago*, 564 F.3d at 362–63. Even if Peralta-Morales has identified clear or obvious errors with respect to the adequacy of the district court's explanation of reasons for the sentences imposed, Peralta-Morales cannot show that the errors affected his substantial rights because nothing in the record suggests that his sentences would have been different had the court provided more extensive reasons for the sentences imposed. *See id.* at 364–65. Because Peralta-Morales has not shown that the errors, if any, affected his substantial rights, he has not shown plain error. *See id.*; *Puckett*, 129 S. Ct. at 1429.

Peralta-Morales also challenges the substantive reasonableness of his sentences and argues that he preserved that issue by arguing at sentencing that an aggregate sentence exceeding 87 months of imprisonment would be greater than necessary under the § 3553(a) factors. We need not determine whether plain error review is applicable to Peralta-Morales's challenges for substantive reasonableness because his challenges do not warrant relief under any standard. Peralta-Morales's sentence for illegal reentry, which fell within the advisory Guidelines range, is presumptively reasonable. *See Mondragon-Santiago*, 564 F.3d at 367. Peralta-Morales has failed to overcome that presumption. Moreover, the district court's imposition of a revocation sentence within the advisory range and the statutory maximum was neither unreasonable nor

plainly unreasonable. *See United States v. McKinney*, 520 F.3d 425, 432 (5th Cir. 2008).

The judgments of the district court are AFFIRMED.